Date signed January 27, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| HOMETEST, INC. | : | Case No. 02-13401PM |
| | : | Chapter 7 |
|     Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| ROGER SCHLOSSBERG, TRUSTEE | : | |
|     Plaintiff | : | |
|     vs. | : | Adversary No. 05-1273PM |
| | : | |
| ROBERT B. SASSCER | : | |
| DALE L. ROSS | : | |
| JOHN J. HARRISON | : | |
| SAMUEL J. PALMER | : | |
| JAMES B. BLAND III | : | |
| BRIDGET M. BLAND | : | |
| Rx SOLUTIONS INTERNATIONAL, INC. | : | |
| HOMETEST Rx TEXAS, INC. | : | |
| COMPTON BASSETT ENTERPRISES LLC | : | |
| ALLSTATE FINANCIAL | : | |
|     & INVESTMENT, INC. | : | |
| JMP INVESTMENT GROUP, INC. | : | |
|     Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

    Before the court are motions filed on behalf of Samuel J. Palmer and Allstate Financial & Investment, Inc., seeking dismissal of Counts 22 and 23 of the Complaint that are based upon allegations of fraud and civil conspiracy. The court will dismiss the Complaint as to Defendant

Samuel J. Palmer ("Palmer") and deny the motion to dismiss as to Defendant Allstate Financial & Investment, Inc.

This Complaint is filed against 11 Defendants in 23 Counts and 225 paragraphs. It is a glowing example of the blunderbuss school of litigation. With respect to the Defendant Palmer, paragraph 8 of the Complaint describes him as a resident of the State of Maryland. Paragraph 47 of the Complaint states that he is an individual released pursuant to this court's Order entered December 18, 2003, approving an Application to Compromise Controversy filed by the Debtor that was entered following the appointment of an Examiner to report on the Compromise. As a part of the Compromise, Palmer received a release from any and all claims that the estate may have had against him, known or unknown. The Complaint does not reflect that the estate ever had a claim against Palmer. The Complaint states that Palmer and other Defendants knew that the estate may have had preference or fraudulent conveyance claims against some or all of them. Allstate Financial & Investment, Inc., was served through its resident agent, Palmer. All of this does not add up to a claim against Palmer.

The Complaint further pleads at paragraph 69 that the released parties would, as a result of approval of the Compromise, be released from certain preference claims set forth in a report that was not shown to either the Examiner nor the Committee of Unsecured Creditors. Paragraphs 206 and 207 of the Complaint state that the released Defendants were represented by their fellow actors at the hearing on the Compromise and that their fellow actors falsely represented the claims that the Debtor had against the released Defendants. The Complaint goes on to say that the released Defendants intentionally misstated facts for the purpose of engaging in a conspiracy.

As stated above, no cause of action has been identified that the estate held against Palmer. All that the Complaint states are naked allegations of conspiracy and fraud, without any particularity. Indeed, the released Defendants are lumped together, and somehow the Complaint seems to make the other released parties as the agents and co-conspirators of Palmer. The court finds that no cause of action is stated against Palmer. However, because of the fact that Palmer received a release from the Debtor, the Trustee urges that this somehow serves as a basis for the recovery of damages against him for fraud and civil conspiracy and somehow ascribes interests to him that do not appear in the Complaint. Palmer's motion to dismiss will be granted.

On the other hand, the court finds that the Complaint does state a cause of action as to the Defendant, Allstate Financial & Investment, Inc. Whether the Trustee will be able to prove this cause of action remains to be seen, but a cause of action has been stated for the purpose of this motion. An appropriate order will be entered.

cc:
Roger Schlossberg, Trustee, 134 W. Washington St., P.O. Box 4227, Hagerstown, MD 21741
Carol L. Hoshall, Esq., Whiteford Taylor, 7 St. Paul Street, #1400, Baltimore, MD 21202
Glenn D. Solomon, Esq. 8 Park Center Court, #200, Owings Mill, MD 21117
John D. Burns, Esq., 6303 Ivy Lane, #102, Greenbelt, MD 20770
Alan S. Kerxton, Esq., 25 W. Middle Lane, Rockville, MD 20850
Alfred L. Scanlan Jr., Esq., 2001 S Street, N.W., #310, Washington, DC 20009
Thomas O'Toole, Esq., 201 N. Charles Street, Baltimore, MD 21201
Jeffrey M. Orenstein, Esq., 15245 Shady Grove Road, #465, Rockville, MD 20850
Richard M. McGill, Esq., P.O. Box 358, 5303 West Court Dr., Upper Marlboro, MD 20773
Jayson A. Soobitsky, Esq., 8850 Columbia 100 Parkway, #303, Columbia, MD 21045

**End or Memorandum**