Date signed May 23, 2006



                              **PAUL MANNES**
                        **U. S. BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| **In re:** | : | |
| **Hometest, Inc.** | : | **Case no. 02-13401 PM**<br>**Chapter 7** |
| **Debtor.** | : | |
| **Roger Schlossberg** | : | |
| **Plaintiff,** | : | **Adv. Proc. No. 05-1273** |
| v. | : | |
| **Robert B. Sasscer, Dale L. Ross,**<br>**John J. Harrison, James B. Bland, III,**<br>**Bridget M. Bland, Rx Solutions**<br>**International, Inc., Hometest Rx**<br>**Texas, Inc., Compton Bassett**<br>**Enterprises, LLC, Allstate Financial &**<br>**Investment, Inc. and JMP**<br>**Investment Group, Inc.** | : | |
| **Defendants.** | : | |

### MEMORANDUM OF DECISION

      A portion of this case is before the court on motions to dismiss or for summary judgment of counts 4-9 of the trustee's first amended complaint. The issues have been thoroughly briefed

and argued, and the court finds that while there is considerable merit to the defendants' positions, the motions will be denied in all respects.

      First, the court finds that the complaints were timely filed under 11 U.S.C. § 546(b)(1)(B). This bankruptcy case was originally filed under chapter 11 on March 19, 2002. The case was converted to a case under chapter 7 by an order entered on February 20, 2004. The meeting of creditors required by 11 U.S.C. § 341(a) was held on March 19, 2004, and when the meeting concluded without an election of a trustee, the interim trustee became the chapter 7 trustee by virtue of 11 U.S.C. § 702(d). This adversary proceeding was filed on March 18, 2005. The court finds that this case was filed on the last possible day for timely filing, within one year after the appointment of the trustee under § 702. Had the adversary proceeding been filed a day later, or if the case had been converted a month later, the trustee would be out of court. While the courts are not unanimous on the issue, the court finds that the better reasoned authority supports the proposition that the appointment of the first trustee under § 702 occurs, for the purposes of § 546, by operation of law when there is no election of a trustee at the meeting of creditors. In re Allied Digital Technologies Corp., ___ B.R. ___, 2006 WL 864827, *3 (D. Del. April 4, 2006); In re Crowe Rope Industries, LLC, 311 B.R. 313, 313 (Bankr. D. Me. 2004). Contra Avalanche Maritime Ltd. v. Parmetex, Inc., 199 F.3d 1029, 1031-32 (CA9 1999). Were the court to follow the contrary position, it would have to ignore the words "under section 702 . . . of this title" in § 546(b)(1)(B), and cause the section to read "after the appointment or election of the first trustee under this title." The court finds Congressional intent clear.

      As to the Ninth Count, the court notes that the amended complaint was pleaded in a fashion to make itself not susceptible to dismissal by motion. Had the court a better handle on

this case at its inception, it would have ordered pursuant to Fed. Rule of Bankruptcy Proc. 7009 that the fraud alleged be stated with particularity.  As it is, the court finds that it is possible to cobble together from the 67 preliminary paragraphs, as well as the contents of the count, a cause of action for fraud either by deceit or non-disclosure.  However, even with this generous approach to sufficiency of pleading, there is nothing approaching a cause of action based upon fraud upon the court.  <u>Cleveland Demolition Co., Inc. v. Azcon Scrap Corp.</u>, 827 F.2d 984, 986 (CA 4 1987).  The court believes that as to the motion for summary judgment, that the defendants' intent is a question of fact with regard to concealment, as is the defendants' knowledge of the falsity or their reckless indifference to the facts.  Because of the absence of precision in the pleadings, plaintiff created a lower barrier for himself to hurdle to survive this motion.

       Plaintiff shall submit an order consistent with this memorandum of decision.

cc:    Plaintiff
       Plaintiff's counsel
       Defendants
       Defendants' counsel
       Office of the United States Trustee

**End of Order**