Date signed June 01, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| HOMETEST, INC. | : | Case No. 02-13401PM |
|               Debtor | : | Chapter 7 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| ROGER SCHLOSSBERG, TRUSTEE | : | |
|               Plaintiff | : | |
|           vs. | : | Adversary No. 05-1273PM |
| ROBERT B. SASSCER | : | |
| DALE L. ROSS | : | |
| JOHN J. HARRISON | : | |
| JAMES B. BLAND, III | : | |
| BRIDGET M. BLAND | : | |
| Rx SOLUTIONS INTERNATIONAL, INC. | : | |
| COMPTON BASSETT ENTERPRISES | : | |
| ALLSTATE FINANCIAL & | : | |
|        INVESTMENT, INC. | : | |
| JMP INVESTMENT GROUP, INC. | : | |
|               Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

      This case came before the court on the Motion for Reconsideration of this court's finding that the challenged transfer was not preferential and not subject to avoidance by the Trustee. The parties agree that if this finding is not set aside, the court has no choice but to find that the same ruling applies to the fraudulent conveyance actions. Because of the imminence of trial, the court's decision will necessarily be brief.

The court finds that the cornerstones of the earmarking doctrine apply to this case in that the transfers in question did not result in a diminution of the Debtor's estate, and, further, the Debtor had utterly no control over the disposition of the funds to the creditors secured by the Sasscer property..

Finally, one must work into the equation the fact that the $1.5 million loan in question from Gourley and Gourley, LLC ("G&G"), from which the challenged payments were made, was paid off by Mr. Sasscer, whose property secured the loan.  As a condition of making the loan, G&G required that it be placed in a first position on the Sasscer property, a reasonable and customary request for a lender to make.  This resulted in the challenged transfers.  Debtor's assertion that the prior antecedent debt must be owed by Debtor elevates the form of this transaction far above its substance.

In the total absence of the Debtor to exercise control over the advanced funds, it cannot be said that the challenged payments constitute a transfer of its property.  *See generally, In re Montgomery*, 983 F.2d 1389, 1395 (CA6 1993).  The parties paid from these funds obtained no improvement in their position inasmuch as they gave up their senior secured position on the Sasscer property upon payment.  This security was far superior to anything Debtor could offer.

There also exists an alternative basis for granting the Motions to Dismiss or, in the alternative, for Summary Judgment filed by various Defendants.  The Trustee's original Complaint was filed March 18, 2005.  The 22nd claim for relief, which appears as the 9th claim for relief in the First Amended Complaint, charges that various Defendants engaged in fraud, intentionally misstated facts, and concealed material facts from the court in obtaining the release that was a part of the compromise and sale of the Debtor's assets to Rx Solutions International, Inc.  In so doing, the Trustee seeks to nullify the release contained in this court's Order Approving Compromise with Secured Creditor and Administrative Claim Holder entered December 18, 2003 (D.E. 240).  The Trustee urges that the First Amended Complaint does not seek relief from that Order.  It is hard, however,  to color this Complaint in any other hue.  The court agrees with the Defendants that this action is subject to the requirements of Bankruptcy Rule 9024 that makes Federal Rule of Civil Procedure 60 applicable.  Therefore, the Complaint is untimely inasmuch as it was filed more than one year after entry of the Order challenged.

Counsel for the Defendants shall prepare an appropriate order.

cc: Plaintiff
Plaintiff's counsel
Defendants
Defendants' counsel
Office of the United States Trustee

**End of Memorandum**